## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY EDWARD OLIVER, | : | CIVIL ACTION NO. 3:16-CV-0407 |
| | : | |
| Plaintiff | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| JOHN WETZEL, *et al.*, | : | |
| | : | |
| Defendants | : | |

**FILED**
**SCRANTON**

APR 2 0 2016

Per_____
DEPUTY CLERK

### MEMORANDUM

Plaintiff Anthony Edward Oliver, an inmate presently incarcerated in the State

Correctional Institution at Huntingdon ("SCI-Huntingdon"), Pennsylvania, filed this civil

rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff seeks to proceed *in*

*forma pauperis*. (Docs. 4, 10). Preliminary review of the complaint reveals that plaintiff

includes unrelated claims against numerous individuals that span a number of years.

Allowing the pleading to proceed as filed is not in the interest of judicial economy.

Consequently, plaintiff will be directed to file an amended pleading which strictly adheres

to the mandates of Federal Rule of Civil Procedure, Rule 8, General Rules of Pleading,

and Rule 20, Permissive Joinder of Parties.

## I. Applicable Legal Standards

"Pleadings must be construed so as to do justice." FED. R. CIV. P. 8(e). Rule

8(d)(1) states, in pertinent part, that "[e]ach allegation must be simple, concise and

direct." Rule 20(a)(2), states that "[p]ersons . . . may be joined in one action as

defendants if:  (A) any right to relief is asserted against them jointly, severally, or in the

alternative with respect to or arising out of the same transaction, occurrence, or series of

transactions or occurrences; and (B)  any question of law or fact common to all

defendants will arise in the action." FED. R. CIV. P. 20(a)(2).  Although Rule 20 is a

flexible rule that allows fairness and judicial economy, the rule only permits "joinder in a

single action of all persons asserting, or defending against, a joint, several, or alternative

right to relief that arises out of the same transaction or occurrence and presents a common

question of law or fact." 7 Charles Allen Wright, Arthur Miller & Mary Kay Kane,

*Federal Practice and Procedure* §1652 at 371-72 (1986).

## II.    <u>Discussion</u>

Plaintiff's complaint violates Federal Rules of Civil Procedure 8 and 20.  He sets

forth a number of purported constitutional violations arising from the alleged exposure to

"environmental tobacco smoke" ("ETS").  He sets forth a myriad of claims, which are

lodged against fourteen defendants, and includes a number of unrelated separate

transactions and occurrences or series of transactions and occurrences allegedly occurred

in 2013, 2015, and 2016, and do not involve an issue of law or fact common to all

defendants.  While plaintiff will be granted an opportunity to file an amended complaint,

he is strictly cautioned that the amended complaint must comply with Rule 20 and involve

only related claims or parties.  "It must be a new pleading which stands by itself as an

adequate complaint without reference to the complaint already filed." <u>Young v. Keohane</u>,

809 F. Supp. 1185 (M.D.Pa. 1992).

The Prison Litigation Reform Act of 1995 ("PLRA"), which substantially changed

2

the judicial treatment of civil rights actions by state and federal prisoners, also compels

compliance with Rule 20.  Specifically, under the PLRA the full filing fee must ultimately

be paid in a non-habeas action.  Allowing a prisoner to include a plethora of separate,

independent claims, would circumvent the filing fee requirements of the PLRA.

## III.   <u>Conclusion</u>

Although plaintiff's complaint violates Federal Rules of Civil Procedure 8 and 20,

he will be afforded the opportunity to amend his complaint.  To the extent that he believes

that he has been subjected to more than one violation of his rights, and to the extent that

these violations are unrelated to each other, plaintiff should file separate complaints

addressing each violation.

An appropriate Order will issue.


**BY THE COURT:**


**<u>s/James M. Munley</u>**
**JUDGE JAMES M. MUNLEY**
**United States District Court**